**UNITED STATES**

v.

**Thomas W. GILBERTSEN, 221 56 0935, Fireman Apprentice (E–2), U. S. Navy.**

**NMCM 80 1824.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 23 Nov. 1979.

Decided 18 May 1981.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before GREGORY, DONOVAN and GLADIS, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant was found guilty at a special court-martial constituted with officer members of violations of Articles 80, 86 (three specifications), 92, 121, 123 and 134, 10 U.S.C.A. §§ 880, 886, 892, 921, 923 and 934 (two specifications), Uniform Code of Military Justice (UCMJ). The sentence approved on review below provides for a bad-conduct discharge, confinement at hard labor for 90 days, forfeiture of $298.00 per month for 4 months, and reduction to pay grade E–1; however, in accordance with a pretrial agreement, the bad-conduct discharge has been suspended on probation.

In his single assignment of error, appellant contends that the alleged violation of Article 123, UCMJ, fails to state an offense. This particular specification (Charge V) alleges forgery of a Suspect's Rights Acknowledgement/Statement Form (*see* Appendix A–1–n, *Manual of the Judge Advocate General*) by signing the name "Frank E. Kuster." We concur in appellant's contention.

The inquiry into the providence of appellant's guilty pleas revealed that appellant had been apprehended for possession and attempted sale of marijuana. He produced at this time an Armed Forces Identification

Card which he had previously wrongfully appropriated from Radioman Seaman Frank E. Kuster, U. S. Navy. Subsequently, at Armed Forces Police Headquarters, appellant was given a Suspect's Rights Acknowledgement/Statement Form to sign; he signed the name of Radioman Seaman Kuster in an effort to escape prosecution. The specification in question alleges that appellant's deception caused Radioman Seaman Kuster to be charged with wrongful possession of a dangerous drug; however, this point was not addressed during the providence inquiry. (R. 17–18).

■ A necessary element of forgery is that the writing in question, if genuine, would apparently impose a legal liability on another or change his legal right or liability to his prejudice. Article 123, UCMJ; paragraph 202, *Manual for Courts-Martial, 1969 (Rev)*.

"With respect to the apparent legal efficacy of the writing falsely made or altered, the writing must appear either on its face or from extrinsic facts to impose a *legal* liability on another, or to change a *legal* right or liability to the prejudice of another." *Id.* (Emphasis supplied). "However, if the writing has neither real nor apparent legal efficacy, such as where the instrument is affirmatively invalid on its face or cannot impose a legal liability, there is no forgery." *United States v. Weldon*, 7 M.J. 938, 940 (N.C.M.R.1979).

The Court of Military Appeals has observed that mere "intended or completed fraud does not constitute forgery. The written instrument used to accomplish the deception must have apparent efficacy to create, increase, diminish, discharge, transfer, or otherwise affect a legal right." *United States v. Strand*, 6 U.S.C.M.A. 297, 302, 20 C.M.R. 13, 18 (1955). Moreover, the writing in question must be capable of being used as proof of the facts it recites. *Id.* at 303, 20 C.M.R. at 19.

■ In the instant case, the specification merely recites that appellant signed a name other than his own on a Suspect's Rights Acknowledgement/Statement Form. No doubt the signature was false, but this fact standing alone will not constitute the crime of forgery. The issue is whether the Form would, if genuine, apparently impose a legal liability on another or change his legal right or liability to his prejudice. We conclude that it would not. The Form in question is essentially a neutral document incapable of being used as proof in a court so as to alter or change a legal right or liability of Radioman Seaman Kuster. If the Form were genuine, the legal rights of Radioman Seaman Kuster would neither be enlarged nor diminished. The allegation that Radioman Seaman Kuster was charged with wrongful possession of marijuana is of no relevance here because the Form merely acknowledges the constitutional and statutory rights of a serviceman. It does not admit to any crime. Further, the Form, if genuine, could not be used as evidence to show that Radioman Seaman Kuster, in fact, possessed marijuana. The fact that the Form may have temporarily cast suspicion on Radioman Seaman Kuster may be evidence of some form of prejudice, but not such as would alter his legal rights or liabilities.[1] For this reason, we find that an offense of forgery has not been made out. *United States v. Weldon, supra.*

Accordingly, the findings of guilty as to Charge V and the specification thereunder are set aside, and this Charge is dismissed. The remaining findings of guilty are affirmed. Upon reassessment, only so much of the sentence as provides for a bad-conduct discharge (suspended on probation), confinement at hard labor for 90 days, forfeiture of $298.00 per month for 3 months, and reduction to pay grade E–1 is affirmed.

Judge DONOVAN and Judge GLADIS concur.

1. The Form, falsely signed by appellant, could easily have resulted in inconvenience and embarrassment to Radioman Seaman Kuster, but this would be only temporary until questioning and further investigation revealed that he was not the person who had been apprehended and had executed the Form.